12-226-ag
Van der Lee et al. v. Comm'r of Inter. Rev.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand twelve.

Present:
    AMALYA L. KEARSE,
    BARRINGTON D. PARKER,
    ROBERT A. KATZMANN,
        *Circuit Judges*.

_____

HENRICUS C. VAN DER LEE, PAMELA VAN DER LEE

    *Petitioners-Appellants*,

            v.                              No. 12-226-ag

COMMISSIONER OF INTERNAL REVENUE,

    *Respondent-Appellee*.

_____

For Petitioners-Appellants:          LEON J. GREENSPAN, Greenspan & Greenspan,
                                     White Plains, N.Y.

For Respondent-Appellee:             TERESA T. MILTON, Attorney (Jonathan S. Cohen,
                                     Attorney, Kathryn Keneally, Assistant Attorney
                                     General, *on the brief*), Tax Division, Department of
                                     Justice, Washington, D.C.

Appeal from a judgment of the United States Tax Court (Marvel, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the tax court is **AFFIRMED**.

This is an appeal from a judgment of the United States Tax Court (Marvel, *J.*) holding Petitioners-Appellants Henricus and Pamela Van der Lee ("taxpayers," or "the Van der Lees") liable for underpayment of $620,138 in federal income taxes for the 2002 tax year, as well as a negligence penalty of $7,604.20. Specifically, the tax court agreed with the determinations of Respondent-Appellee the Commissioner of Internal Revenue (the "IRS") that: (1) Mr. Van der Lee erroneously claimed to be a "trader" in securities, rather than an "investor" in securities, (2) Mr. Van der Lee failed to adequately substantiate his deduction of over $91,000 in claimed business-related expenses, (3) approximately $88,000 of the Van der Lees' claimed deductions for charitable contributions were either not allowable as a matter of law or inadequately substantiated, and (4) the Van der Lees should be subject to a monetary penalty for negligently underpaying their taxes. We presume the parties' familiarity with the facts and procedural history of this case, as well as with the issues on appeal.

We review a tax court's conclusions of law *de novo* and its findings of fact for clear error. *Robinson Knife Mfg. Co., Inc. v. Comm'r,* 600 F.3d 121, 124 (2d Cir. 2010). We review a tax court's imposition of an accuracy-related penalty under § 6662 of the Internal Revenue Code ("Code" or "I.R.C.") for clear error. *Nicole Rose Corp. v. Comm'r*, 320 F.3d 282, 285 (2d Cir. 2003) (per curiam).

Whether a taxpayer's activities constitute a "trade or business" is a question of fact. *Higgins v. Comm'r*, 312 U.S. 212, 217 (1941). Securities investors are not considered to be in the "trade or business" of trading securities, whereas securities traders are so considered. *Estate*

*of Yaeger v. Comm'r*, 889 F.2d 29, 33 (2d Cir. 1989) (citing *Higgins*, 312 U.S. at 217).

"Determining whether a taxpayer's trading activities rise to the level of carrying on a trade or business turns on the facts and circumstances of each case." *Id.* at 33 (citing *Higgins*, 312 U.S. at 217).

We turn first to the Van der Lees' contention that the tax court clearly erred in holding that Mr. Van der Lee acted as an "investor" of securities in 2002, as opposed to a "trader" of securities. In *Estate of Yaeger* we explained the distinction between securities "traders" and securities "investors" under the tax laws as follows:

> In determining whether taxpayers who manage their own investments are traders, relevant considerations are the taxpayer's investment intent, the nature of the income to be derived from the activity, and the frequency, extent, and regularity of the taxpayer's securities transactions.
>
> Investors are engaged in the production of income. Traders are those whose profits are derived from the direct management of purchasing and selling. Investors derive profit from the interest, dividends, and capital appreciation of securities. They are primarily interested in the long-term growth potential of their stocks. Traders, however, buy and sell securities with reasonable frequency in an endeavor to catch the swings in the daily market movements and profit thereby on a short term basis.
>
> Thus, the two fundamental criteria that distinguish traders from investors [are] the length of the holding period and the source of the profit.

*Id.* at 33 (internal citations and quotation marks omitted).

Here, we see no error in the tax court's conclusion that, applying the *Estate of Yaeger* standard, Mr. Van der Lee was not a trader in 2002. In particular, we agree with the tax court that Mr. Van der Lee did not trade with the "frequency, extent, and regularity" indicative of an individual who intended to realize short-term profits by catching "the swings in the daily market movements." *van der Lee v. Comm'r*, 102 T.C.M. (CCH) 329, 332-33 (2011). Notably, Mr. Van der Lee never bought and sold stock on the same day; he held most of his stock purchases

3

for at least a month; and he held many stocks for several months at a time. *See id.* (also noting that "[o]f the 76 sales of stocks between April 15 and December 31, 2002, 35 involved shares that Mr. Van der Lee had acquired before 2002"). This indicates that Mr. Van der Lee intended to profit primarily through the capital appreciation of his investments, rather than through the exploitation of short-term oscillations in stock prices, the hallmark of a securities trader. *See Estate of Yaeger*, 889 F.2d at 33. In addition, the total number of Mr. Van der Lee's trades were not of such a volume as to indicate that he was in the "trade or business" of profiting from short-term market movements. *See id.* at 33-34 (taxpayer who engaged in more than 1000 stock transactions over a year was not a securities "trader" under the Code); *see also Moller v. United States*, 721 F.2d 810, 813-14 (Fed. Cir. 1983) (noting that where "taxpayers have been held to be in the business of trading in securities for their own account, the number of their transactions indicated that they were engaged in market transactions on an almost daily basis." (citing cases)).

We turn next to the tax court's conclusion that Mr. Van der Lee did not adequately substantiate his claimed deductions for "ordinary and necessary expenses paid or incurred during the [2002] taxable year . . . for the production or collection of income" under I.R.C. § 212. The Code generally requires taxpayers to keep and retain sufficient records to substantiate deductions for as long as the records are material to the administration of the tax laws. *See* I.R.C. § 6001; *see also* Treas. Reg. § 1.6001-1(a), (e). Moreover, certain types of business expenses are subject to more stringent substantiation requirements, including "any traveling expense (including meals and lodging while away from home)"; expenses "for any item with respect to an activity which is of a type generally considered to constitute entertainment"; and expenses related to certain enumerated items, such as passenger automobiles, property used for entertainment or

4

amusement, computer equipment, and cellular phones. I.R.C. §§ 274(d), 280F(d)(4). Such

expenses must be substantiated, if applicable:

> by adequate records or by sufficient evidence corroborating the taxpayer's own statement (A) the amount of such expense or other item, (B) the time and place of the travel, entertainment, . . . (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained . . . .

I.R.C. § 274(d); *see also* Treas. Reg. § 1.274-5T(c)(2). Further, any deduction that is claimed for

the business use of property that the taxpayer also employs for personal use is disallowed, unless

the taxpayer can prove the extent to which he made business use of the property. Treas. Reg.

§ 1.274-5T(b)(6)(i)(B).

Here, the tax court did not err in concluding that Mr. Van der Lee failed to adequately

substantiate his claimed business expenses. As to the expenses related to travel and

entertainment, Mr. Van der Lee's credit card and bank statements are insufficient evidence of

those expenses' "business purpose," and Mr. Van der Lee did not testify as to how his travel was

related to his trading activity. Similarly, there is no indication in the record that the legal bills

submitted by Mr. Van der Lee related to his trading activity. Finally, the extensive expenses

related to Mr. Van der Lee's maintenance of a home office were not substantiated by anything

other than receipts and Mr. Van der Lee's general testimony that he made trades from home.

Crucially, Mr. Van der Lee did not explain how these purchases aided his trading activity, nor

did he establish the extent to which he used the purchases for business, rather than personal, use.

Next, we turn to the tax court's conclusions that the Van der Lees failed to adequately

substantiate certain of their claimed charitable contributions for the 2002 tax year. Under the

Code, taxpayers may deduct the value of any "contribution or gift" to an organization that

qualifies for tax-exempt status under I.R.C. § 501(c)(3). However, "[a] charitable contribution

5

shall be allowable as a deduction only if verified under regulations prescribed by the Secretary."

I.R.C. § 170(a)(1). The Treasury Regulations provide that, for charitable contributions of money, taxpayers must substantiate the date, amount, and the recipient of the contribution with: (a) a canceled check; (b) a receipt from the donee organization; or (c) in the absence of a canceled check or receipt, other reliable written records. Treas. Reg. § 1.170A-13(a)(1). For donations of property other than money, the Treasury Regulations require taxpayers to maintain a receipt from the donee that includes the name of the receiving organization, the date and location of the contribution, and a detailed description of the property. *Id.* § 1.170A-13(b)(1). Further, the Code provides that "[n]o deduction shall be allowed . . . for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the donee organization that" includes the following information:

> (i) The amount of cash and a description (but not value) of any property other than cash contributed.
>
> (ii) Whether the donee organization provided any goods or services in consideration, in whole or in part, for any property described in clause (i).
>
> (iii) A description and good faith estimate of the value of any goods or services referred to in clause (ii) . . . .

I.R.C. § 170(f)(8). Moreover, when donated property is worth more than $5,000, taxpayers are required to obtain a "qualified appraisal," to attach an appraisal summary to their tax return, and to maintain records relating to the claimed deduction. Treas. Reg. § 1.170A-13(c)(2). The appraisal must have been performed no more than 60 days before the date of the contribution giving rise to the claimed deduction. *Id.* § 1.170A-13(c)(3)(i)-(ii).

6

Here, the tax court did not err in concluding that certain of the Van der Lees' claimed charitable contributions did not meet the above-described substantiation requirements. First, Mrs. Van der Lee's submission of credit card statements (with allegedly qualifying expenses circled) does not meet the I.R.C. § 170(f)(8) requirement that charitable donations valued at more than $250 be accompanied by a "contemporaneous written acknowledgment from the donee organization." *van der Lee*, 102 T.C.M. (CCH) at 335. Second, Mrs. Van der Lee's $6,000 claimed deduction for the use of a home office for her volunteer work was not allowable because it was not substantiated by any "credible documentary evidence." *Id.* at *11; *see also* Treas. Reg. § 1.170A-13(a)(1) (requiring all charitable donations to be substantiated by a receipt, a cancelled check, or "other reliable written records"). Third, the Van der Lees' donation of kitchen and bathroom items to the Hudson Valley Materials Exchange, for which they claimed a $33,009 charitable deduction, was not adequately substantiated under the Code's standards for donation of property valued at more than $5,000. *See* Treas. Reg. § 1.170A-13(c). In particular, the Van der Lees: (a) did not base the donation on a timely appraisal of the donated materials, (b) did not provide a written acknowledgment of receipt from the recipient organization, and (c) did not attach an appraisal summary to their tax return. *van der Lee*, 102 T.C.M. (CCH) at 336-37.

Separately, with regard to the Van der Lees' claimed charitable deduction for the donation of the use of a property they own in St. Thomas, we agree with the tax court that this deduction is not allowable as a matter of law. *Id.* at *10. As the tax court noted, the Code generally does not allow for the deduction of charitable gifts of a partial interest in property if it is not made in trust. *See* I.R.C. § 170(f)(3). The Van der Lees do not contend on appeal that any exception to this general rule applies in the circumstances of this case, and, from our own

review of the applicable Code provision, they would not have a plausible basis for so arguing. *See id.* at § 170(f)(3)(B) (enumerating exceptions for a "remainder interest", the "taxpayer's entire interest" or a "conservation contribution").

Finally, we agree with the tax court that the Van der Lees were negligent in claiming tens of thousands of dollars in charitable deductions without any written documentation to substantiate those deductions, and therefore that a negligence penalty was appropriate. Section 6662(b) of the Code authorizes the imposition of a 20% penalty on the portion of an underpayment attributable to the taxpayer's "[n]egligence or disregard of rules or regulations." I.R.C. § 6662(b). Negligence is defined as "any failure to make a reasonable attempt to comply with the provisions of this [Code]." *Id.* § 6662(c); *see also* Treas. Reg. § 1.6662-3(b)(1) (providing that it is negligent for a taxpayer to fail to keep adequate books and records or to substantiate items properly). A penalty may not be imposed with respect to any portion of an underpayment, however, "if it is shown that there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion." I.R.C. § 6664(c)(1). Generally, the most important factor in determining whether an underpayment was in good faith is "the extent of the taxpayer's effort to assess the taxpayer's proper tax liability," taking into account "the experience, knowledge, and education of the taxpayer." Treas. Reg. § 1.6664-4(b).

Here, we agree with the tax court that the Van der Lees negligently "failed to provide [their accountant] with all relevant information" necessary to accurately report their charitable deductions. *van der Lee*, 102 T.C.M. (CCH) at 337. In particular, the Van der Lees "gave [their accountant] only the total [amount] of the charitable contributions" that they claimed were deductible for the 2002 tax year, rather than an itemized list; "did not tell him that a large portion

8

of the contributions was not gifts by cash or check"; and did not provide him with any of the written documentation necessary to substantiate the disallowed contributions. *Id.*

We have considered all of petitioners' contentions on this appeal and have found them to be without merit. For the foregoing reasons, the judgment of the tax court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK