**PURSUANT TO INTERNAL REVENUE CODE SECTION 7463(b),THIS OPINION MAY NOT BE TREATED AS PRECEDENT FOR ANY OTHER CASE.**

T.C. Summary Opinion 2014-12

UNITED STATES TAX COURT

LAWRENCE EDWATRD KROHN AND STEPHANIE KROHN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6684-12S.                    Filed February 11, 2014.

Lawrence Edwatrd Krohn and Stephanie Krohn, pro sese.

Nancy Wentz Hale and Beth A. Nunnink, for respondent.

SUMMARY OPINION

THORNTON, Chief Judge:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]All section references are to the Internal Revenue Code in effect for the
(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $6,709 deficiency in petitioners' 2009 Federal income tax and a section 6662(a) accuracy-related penalty of $1,341.80. The issues for decision are: (1) whether petitioners are entitled to certain deductions claimed on their Schedule C, Profit or Loss From Business (Sole Proprietorship) and (2) whether they are liable for the section 6662(a) accuracy-related penalty.

## Background

The parties have stipulated some facts, which we find accordingly. When they petitioned the Court, petitioners resided in Kentucky.

During 2009 petitioner husband, Mr. Krohn, worked full time for the U.S. Department of Homeland Security. Also during 2009 he conducted out of petitioners' home a dog-training business called Sit Means Sit.

Petitioners timely filed a joint 2009 Federal income tax return. On an attached Schedule C for Sit Means Sit they reported $9,284 of gross receipts or sales and $38,091 of total expenses. The expenses included, among other things, the following items, all amounts of which are in dispute: $1,181 for meals and

---

[1](...continued)
year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

entertainment; $1,482 for travel; $10,776 for car and truck expenses; $2,283 for "Vet Bills"; $185 for "Dues and Membership"; $1,010 for "Shows"; $635 for "Boarding Fees"; $247 for "Books and Videos"; $58 for "Printing"; $49 for "Postage"; and $5,750 for "Amortization".

In his notice of deficiency, respondent disallowed these claimed business expense deductions for lack of substantiation. Respondent also determined that petitioners were liable for a section 6662(a) accuracy-related penalty.

Discussion

I. Schedule C Business Expenses

A taxpayer must show entitlement to any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer may deduct ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business but must maintain sufficient records to substantiate the expenses. Secs. 162(a), 6001; sec. 1.6001-1(a), Income Tax Regs. The taxpayer bears the burden of substantiation.[2] Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975),

---

[2]Petitioners do not claim, and the record does not suggest, that the burden-shifting provisions of sec. 7491(a) should apply.

aff'd, 540 F.2d 821 (5th Cir. 1976). As a general rule, no deductions are allowed for personal, living, or family expenses. Sec. 262(a).

If a taxpayer establishes that deductible expenses were incurred but fails to establish the amounts, we generally may estimate the allowable amounts. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). There must be evidence in the record, however, that provides a rational basis for our estimate. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

Section 274(d) supersedes the general rule of Cohan and precludes us from estimating the taxpayer's expenses with regard to certain items. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Section 274(d) imposes strict substantiation requirements for expenses relating to, among other things, travel, entertainment, and "listed property", including automobiles and other property used as a means of transportation. Sec. 280F(d)(4); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). To obtain a deduction for such items, the taxpayer must substantiate "by [either] adequate records or by sufficient evidence corroborating * * * [his] own statement" the amounts of such expenses, their business purpose, and the business relationship to the taxpayer of the person using the property. Sec. 274(d); Beale v. Commissioner, T.C. Memo. 2000-158; sec. 1.274-5A(b)(1),

Income Tax Regs. To meet the "adequate records" test, a taxpayer must maintain an account book, a diary, a log, a statement of expense, trip sheets, or similar records prepared contemporaneously with the expenditure and documentary evidence of certain expenditures, such as receipts or bills. See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). In combination, these records must be sufficient to establish each element--amount, time and place, business purpose, and business relationship--of the expenditure for which a deduction is sought.

In the absence of adequate records to establish each element of an expense under section 274(d), a taxpayer may alternatively establish such element: "(A) By his own statement, whether written or oral, containing specific information in detail as to such element; and (B) By other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

A. Section 274(d) Expenses

Petitioners argue that they are entitled to deductions for meals, travel, and car and truck expenses that they paid or incurred in 2009. Respondent argues that petitioners have failed to meet the strict substantiation requirements of section 274(d) with respect to these deductions.

1. Meals

Although petitioners reported $1,181 of meals expenses on their Schedule C relating to the Sit Means Sit business, at trial Mr. Krohn suggested that he actually incurred these expenses while traveling in connection with his regular job with the U.S. Department of Homeland Security. Regardless of the capacity in which he might have incurred these expenses, however, petitioners have failed to show that they are entitled to the claimed deductions.[3]

In an effort to substantiate these meals expenses, Mr. Krohn submitted credit card and banking statements that show amounts and dates of payments to various restaurants. These documents, however, fail to substantiate the business purpose of each meal. Petitioners failed to offer any other evidence corroborating Mr. Krohn's testimony that these expenses were paid or incurred for a legitimate business purpose. They have failed to meet the strict substantiation requirements of section 274(d). Moreover, petitioners have failed to show that they paid or incurred these expenses as part of a trip that required Mr. Krohn to stay overnight.

---

[3]If Mr. Krohn incurred these expenses in connection with his employment with the U.S. Department of Homeland Security, they would properly be classified as miscellaneous itemized deductions and deductible, if at all, to the extent they exceed 2% of petitioners' adjusted gross income. See sec. 67; sec. 1.67-1T(a)(1)(i), (b), Temporary Income Tax Regs., 53 Fed. Reg. 9875-9876 (Mar. 28, 1988).

See United States v. Correll, 389 U.S. 299 (1967); Strohmaier v. Commissioner, 113 T.C. 106, 114-116 (1999); see also sec. 1.262-1(b)(5), Income Tax Regs. Respondent's determination disallowing petitioners' meals expenses is sustained.[4]

### 2. Travel Expenses

Petitioners reported $1,482 of travel expenses on their Schedule C. Mr. Krohn has failed to explain how these expenses were calculated, the time and place they were allegedly incurred, or the business purposes of the expenses. Petitioners have failed to meet the strict substantiation requirements of section 274(d) with respect to these expenses. See Van der Lee v. Commissioner, T.C. Memo. 2011-234, aff'd, 501 Fed. Appx. 30 (2d Cir. 2012). Respondent's determination to disallow petitioners' Schedule C travel expense deductions is sustained.

### 3. Car and Truck Expenses

On their Schedule C petitioners reported $10,766 of car and truck expenses, calculated using a standard mileage rate of 55 cents per mile as applied to 19,575

---

[4]Mr. Krohn also reported $2,880 of meals expenses on his Form 2106, Employee Business Expenses; $2,304 of these expenses was claimed as a deduction on petitioners' Schedule A, Itemized Deductions. Respondent allowed this $2,304 deduction. Petitioners have not shown that the meals expenses of $1,181 claimed on Schedule C do not duplicate the Schedule A deduction that respondent has already allowed.

business miles driven.[5]  At trial Mr. Krohn conceded that he kept "extremely sloppy" notes to record data with respect to his business trips in 2009 and that he "possibly" had these notes but was unable to produce them for trial.[6]

Mr. Krohn introduced a copy of a Skilcraft notebook labeled "Mileage Log 2009" and an Excel spreadsheet labeled "Travel Expense Report".  Mr. Krohn concedes that the mileage log and the travel expense report were not made contemporaneously with or shortly after his business trips but rather were made after respondent commenced the examination of petitioners' return.  For that reason alone, these records do not meet the "adequate records" test of the regulations.  See sec. 1.274-5T(c)(2), Temporary Income Tax Regs., supra.  Moreover, neither the mileage log nor the travel expense report shows the total mileage, i.e., business and personal mileage, for all use of the automobile during

---

[5]Sec. 1.274-5(j), Income Tax Regs., grants the Commissioner the authority to establish a method under which a taxpayer may use mileage rates to substantiate, for purposes of sec. 274(d), the expense of using a vehicle for business purposes.  See also Rev. Proc. 2008-72, sec. 2.01, 2008-50 I.R.B. 1286, 1286.  If the taxpayer elects to use the standard mileage rate, he or she is still required to show the business mileage, the time and place, and the business purpose of the travel.  See Nicely v. Commissioner, T.C. Memo. 2006-172; sec. 1.274-5(j)(2), Income Tax Regs.

[6]At trial the Court offered to hold the record open to give Mr. Krohn an additional opportunity to produce documentation to substantiate his expenses.  He declined our invitation to do so.

2009, as required by the strict substantiation requirements of section 274(d).

See sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). In the absence of adequate records to establish each element of their claimed car and truck expense deductions, and absent other sufficient corroborative evidence sufficient to establish each element, petitioners have failed to satisfy the strict substantiation requirements of section 274(d). Accordingly, we sustain respondent's determination disallowing petitioners' claimed deductions for car and truck expenses.

### B. Petitioners' Other Schedule C Expenses

#### 1. Veterinary Expenses

On their Schedule C petitioners reported $2,283 of "Vet Bills" expenses under "Other Expenses". Respondent contends that petitioners have not established the business purpose of the "Vet Bills" expenses.

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. An expense is ordinary if it is customary or usual within a particular trade, business, or industry or relates to a transaction of "common or frequent occurrence in the type of business involved" and is necessary if it is appropriate and helpful for the development of the business. Deputy v. du Pont, 308 U.S. 488, 495 (1940); see

also <u>Welch v. Helvering</u>, 290 U.S. 111, 113-114 (1933). Petitioners must show not only that the veterinary expenses are ordinary and necessary, but also that they do not represent expenditures incurred primarily for personal purposes and that there is a proximate relationship between the claimed deductions and petitioners' dog training business. See <u>Henry v. Commissioner</u>, 36 T.C. 879, 884 (1961). Although Mr. Krohn testified that he uses his dogs in his business to train other dogs, his testimony does not convince us that he did not also keep his dogs for personal pleasure and that the vet bills were not incurred primarily for personal purposes. We sustain respondent's determination to disallow petitioners' veterinary expense deduction.

### 2. Dues and Membership Expenses

On their Schedule C petitioners reported $185 of "Dues and Membership" expenses under "Other Expenses". Petitioners' evidence is insufficient to substantiate the amounts or recipients of the purported payments. We sustain respondent's determination disallowing a deduction for these expenses.

### 3. Shows Expenses

On their Schedule C petitioners reported $1,010 of "Shows" expenses under "Other Expenses". Petitioners introduced into evidence banking statements showing that on March 4 and May 6, 2009, Mr. Krohn wrote checks for $200 and

$500, respectively. Mr. Krohn credibly testified that he paid or incurred these show expenses in connection with his business. We hold that petitioners are entitled to a $700 deduction for show expenses under section 162(a).

### 4. Boarding Fees

On their Schedule C Petitioners reported $635 of "Boarding Fees" expenses under "Other Expenses". Petitioners introduced into evidence banking statements showing that on February 26 and March 11, 2009, Mr. Krohn wrote checks for $275 and $60, respectively. Mr. Krohn testified credibly that he made these payments in connection with his business. We hold that petitioners are entitled to a $335 deduction for boarding expenses under section 162(a).

### 5. Books and Videos Expenses

On their Schedule C petitioners reported $247 of "Books and Videos" expenses under "Other Expenses". Mr. Krohn introduced into evidence credit card statements that show on February 9, 12, and 25, 2009, he made purchases for $50.50, $76.33, and $75.88, respectively, from an enterprise that provided him, according to his credible testimony, books and videos necessary and helpful to his business. On the basis of Mr. Krohn's testimony and the evidence in the record, we hold that petitioners are entitled to a $202.71 deduction for books and videos expenses under section 162(a).

6.  Printing and Postage Expenses

On their Schedule C petitioners reported $58 of "Printing" expenses and $49 of "Postage" expenses under "Other Expenses". Mr. Krohn's testimony and the evidence in the record establish that Mr. Krohn paid or incurred $69.81 of printing and postage expenses in connection with the operation of his business. Petitioners are entitled to deduct that amount on their Schedule C.

7.  Amortization Expenses

On their Schedule C petitioners reported $5,750 of "Amortization" expenses under "Other Expenses". In support of this claimed deduction, Mr. Krohn testified that he purchased his business for approximately $11,000 in 2008 and that he assumed his accountant arrived at $5,750 by allocating the $11,000 purchase price between his 2008 and 2009 taxable years. Petitioners failed to substantiate the purchase price of the franchise and have offered no evidence or legal authority to show the propriety of the amortization deduction claimed for 2009. We sustain respondent's determination disallowing this deduction.

## II.  Section 6662(a) Penalty

Respondent determined that petitioners are liable for an accuracy-related penalty pursuant to section 6662(a) and (b)(1) and (2) for negligence or a substantial understatement of income tax. Respondent bears the burden of

production with respect to this penalty. Sec. 7491(c). To meet this burden, respondent must produce evidence establishing that it is appropriate to impose this penalty. Once respondent has done so, the burden of proof is upon petitioners to show that they are not liable for the penalty. See Higbee v. Commissioner, 116 T.C. 438, 449 (2001).

Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws and is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances. Sec. 6662(c); Neely v. Commissioner, 85 T.C. 934, 947 (1985); sec. 1.6662-3(b)(1), Income Tax Regs. Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. Petitioners failed to keep adequate books and records and to properly substantiate expenses relating to claimed deductions. Respondent has carried his burden of production with respect to the section 6662(a) penalty for negligence.

Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty on any portion of a tax underpayment that is attributable to any substantial understatement of income tax, defined in section 6662(d)(1)(A) as an understatement that exceeds the greater of 10% of the tax required to be shown on the return or $5,000. The

exact amount of petitioners' underpayment will depend upon the Rule 155 computations, taking into account our findings and conclusions herein. To the extent that those computations establish that petitioners have a substantial understatement of income tax, respondent has also met his burden of production in this regard. See Prince v. Commissioner, T.C. Memo. 2003-247.

No penalty shall be imposed under section 6662(a) with respect to any portion of an underpayment if it is shown that there was reasonable cause and that the taxpayer acted in good faith. See sec. 6664(c). Whether a taxpayer acted in good faith depends upon the facts and circumstances of each case. See sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on a professional return preparer may be reasonable and in good faith if the taxpayer establishes: (1) the return preparer had sufficient expertise to justify reliance; (2) the taxpayer provided necessary and accurate information to the return preparer; and (3) the taxpayer actually relied in good faith on the return preparer's judgment. Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002).

At trial Mr. Krohn suggested that petitioners should not be liable for the section 6662(a) penalty because they properly relied in good faith on a tax return preparer. Mr. Krohn has not, however, pursued this defense in any meaningful way. Apart from passing references in Mr. Krohn's testimony to his tax return

preparer, the record is devoid of evidence to support his contentions. Mr. Krohn did not call his tax return preparer as a witness. There is no evidence in the record as to the advice his tax return preparer might have given him; no evidence to support a determination that petitioners acted reasonably or in good faith in relying upon it; no evidence about the tax return preparer's qualifications; no evidence that petitioners disclosed to their tax return preparer all relevant facts and circumstances; and no evidence that the advice was based on reasonable factual or legal assumptions. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. at 99. More fundamentally, petitioners have not shown reasonable cause for their failure to keep adequate records to substantiate expenses relating to their claimed deductions. We hold that petitioners are liable for a section 6662(a) penalty for negligence and, alternatively, for a substantial understatement of income tax insofar as the Rule 155 computations show one.

To reflect the foregoing,

Decision will be entered
under Rule 155.